THE PHŒNIX IRON COMPANY, APPELLANT, *v.* THE VESSELS, THE "HOPATACONG" AND "MUSCONETCONG," THEIR TACKEL, APPAREL, ETC., RESPONDENTS.

*Proceeding to enforce a lien on a vessel — 1862, chap. 482 — the lien is not lost by the acceptance of notes if such acceptance is induced by the fraudulent concealment of the debtor — when the lien attaches to vessels built on the order of a foreign corporation — when, for materials furnished but not yet put into the vessel.*

In this proceeding, instituted under chapter 482 of 1862, providing for the collection of demands against ships and vessels, it was shown that between August, 1880, and October, 1884, the plaintiff sold and delivered, at Newburgh, N. Y., to the firm of Ward, Stanton & Co., ship builders at that place, iron work designed to be used by the said firm in constructing two iron ferry-boats for the Hoboken Land and Improvement Company (a New Jersey corporation), under a contract entered into by the said firm, by which it agreed to build the vessels for a fixed sum On November 15, 1884, the firm, being unable to

complete the vessels, conveyed them to the corporation in an extremely unfin-ished condition, and shortly thereafter made a general assignment for the benefit of creditors. On November 21, 1884, the firm inclosed by letter, notes payable at a future time, for the iron work purchased of the plaintiff, although no credit was provided for by the agreement for its sale. These notes were accepted by the plaintiff in ignorance of the condition of the firm and of the change in the title to the vessels.

*Held,* that such acceptance did not deprive the plaintiff of the lien upon the vessels to which they were entitled by the act of 1862.

That as the court found that the firm, at the time of sending the notes, was insolvent, and knew of its hopeless insolvency and of its inability to pay the notes, it erred in refusing to find that they concealed these facts with the fraudulent intent to obtain credit on the notes.

That as the contract was made in this State, and the sale was not complete until a delivery was made, the right of the plaintiff to a lien was not affected by the fact that the order was given by a foreign corporation.

That the materials furnished by the plaintiff were a basis for a lien, although they were not actually put into the vessel at the time the action to enforce the lien was commenced.

APPEAL from a judgment, entered in Orange county upon the trial of this action by the court without a jury.

This is a proceeding under chapter 482, of the Laws of 1862, "An act to provide for the collection of demands against ships and vessels."

"On July 23, 1884, the Hoboken Land and Improvement Com-pany (a New Jersey corporation) entered into a contract with Ward, Stanton & Co., shipbuilders of Newburgh, N. Y., for the construct tion of two iron ferry boats to cost about $150,000. Ward, Stanton & Co. then wrote a letter to the Phœnix Iron Company, stating that they had taken a contract to build the boats in question and required about 100 tons of iron angles, and asking the price thereof. The Phœnix Iron Company answered giving a price, which Ward, Stanton & Co. accepted. Pursuant to the contract thus made, the Phœnix Iron Company delivered to Ward, Stanton & Co., at New-burgh, all the iron angles used in constructing the boats in question, amounting in all to $5,244.39. The first delivery was made August 5, 1884, and the deliveries continued from time to time until October 17, 1884, when all the angle iron was fully delivered."

*E. A. Brewsler,* for the appellant.

*Abbett & Fuller,* for the respondents.

BARNARD, P. J.:

The firm of Ward, Stanton & Co., purchased iron work of the plaintiff, which was designed to enter into the construction of the two steamers in question.

The greater part of the articles ordered went into the vessels. The sale provided for no credit. The proof shows that the delivery of the iron commenced early in August, 1880, and continued until October, 1884. On the 15th of November, 1884, Ward, Stanton & Co. conveyed to the Hoboken Land and Improvement Company, the two steamers in an extremely unfinished condition. The firm had contracted to build the vessels for a fixed sum for that company and made the transfer by reason of an inability to complete them, for a short time thereafter they made a general assignment for the benefit of the creditors of the firm. On the 21st of November, 1884, the firm inclosed by letter, notes for the iron work payable at a future time. The plaintiff accepted the notes in ignorance of the condition of the firm of Ward, Stanton & Co., and also of the change in respect to the title to the vessels in which the plaintiff was entitled to a lien under chapter 482 of the Laws of 1862. The judge has found that the firm at the time of sending the notes was insolvent, knew of its hopeless insolvency and of its inability to pay the notes. The court refused to find that the concealment of the insolvent condition was made with a fraudulent intent. This finding seems not only to be against the finding made, but against the evidence. If the fact be that the firm was bankrupt, without hope of an ability to pay the notes, and if the firm had transferred the property of the plaintiff to the improvement company and had received a valuable consideration therefor, and if as the law is well settled a note with a credit suspended the lien (*Happy* v. *Mosher*, 48 N. Y., 313), and if as to a greater or less part of the debt, the statute period to enforce a lien would run out before the notes matured, the evidence of fraud is conclusive. The mere concealment of the change of the condition of the firm in respect to the vessels is sufficient to establish fraud. (*Anonymous*, 67 N. Y., 598; *Hennequin* v. *Naylor*, 24 id., 139; *Wright* v. *Brown*, 67 id., 1.)

If this conclusion be just then there should be a new trial, for this failure to find a fact which destroyed the notes as suspending the lien.

The court found the contract to be one made in this State. The sale was not complete until delivery, although the order was given for the property by a foreign company. The claim was a lien against the vessels such as the proof shows them to be. This seems to be clearly established in *Phillips* v. *Wright* (5 Sandf., Sup. Ct., 342), and also that the materials furnished were a basis for a lien, although not actually put in the vessels at the time of the action to enforce the lien.

There should, therefore, be a new trial granted, with costs to abide event.

Pratt, J., concurred.

Judgment reversed, and new trial granted, costs to abide event.